**CHUMCHAL et ux. v. MOORE et al.**
**No. 8677.**

Court of Civil Appeals of Texas. San Antonio.
Nov. 11, 1931.

Rehearing Denied Dec. 16, 1931.

E. C. Overall, of Gonzales, for appellants.

Miller, Hopkins & Miller, of Gonzales, for appellees.

FLY, C. J.

This is a suit on a note for $4,812.50 being the last of a series of notes given as purchase money for 475 acres of land in Gonzales county. It was also sought to foreclose a vendor's lien on the land. The trial was before the court, without a jury, and resulted in a judgment for $6,799.75 and $679.97 attorney's fees, against R. D. Chumchal, and foreclo-

sure of the lien as to him and his wife, Carrie Chumchal.

The wife was not a necessary but a proper party to the suit, and the court properly overruled the plea of misjoinder.

The general demurrer to the petition was properly overruled. The petition stated a good cause of action.

No attention is paid to the rules as to briefing, and the propositions are too indefinite to be considered even if they presented any questions of merit, which they do not. The case is a plain one of a debt due and unpaid, which could not be collected except at the hands of the law.

The judgment is affirmed.

### On Motion for Rehearing.

The general demurrer to the cross-action was properly sustained. The loosely drawn and obscure answer set up no defense if given every intendment that could properly arise from the language of the answer. If it had been written into the deed that the vendors would not sue on the purchase-money notes nor for the land, in case of default of payment of the notes, it would not be enforced, being totally absurd and without consideration.

The contract was embodied in writing, and no such unreasonable agreement as was alleged could constitute a defense to the action or form any basis for a cross-action. The latter action was not for damages, except in the alternative if the deed was not reformed so as to write an agreement into it that the vendors would not attempt to collect their purchase money.

The answer and cross-action were totally without merit, and the general demurrer was properly sustained.

The motion for rehearing is overruled.